IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION
4:12-CR-116-FL

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | **ORDER OF DETENTION PENDING** |
| | ) | **TRIAL** |
| CECIL KURRENTHES RANSOM, | ) | |
| | ) | |
| Defendant. | ) | |

This case came before the court today for hearing on the government's motion, pursuant to 18 U.S.C. § 3142(f), to detain defendant pending trial. The government presented the testimony of an agent with the Bureau of Alcohol, Tobacco, Firearms and Explosives. The defendant presented the testimony of the proposed third-party custodian, defendant's mother. The court also reviewed the pretrial services report. After careful consideration pursuant to 18 U.S.C. § 3142(g) of the credible information and argument submitted, and based on the findings and reasons stated below and in open court, the court finds by a preponderance of the evidence that there is no condition or combination of conditions that will reasonably assure defendant's appearance as required, and by clear and convincing evidence that there is no condition or combination of conditions that will reasonably assure the safety of any other person and the community before trial if defendant is released. The government's motion is therefore GRANTED.

## Background

Defendant was charged in a one-count indictment on 3 October 2012 with possession of a firearm and ammunition by a felon on 10 February 2012 in violation of 18 U.S.C. §§ 922(g)(1) and 924. The evidence presented at the hearing showed that the charges arise from the execution

of a search warrant at defendant's residence on the alleged offense date. The police located a shotgun resting up against the refrigerator in the kitchen. At the time, defendant had been convicted of more than one felony. Defendant's girlfriend, who also lived at the residence, told police that she had purchased the shotgun at defendant's request. Police also found in the residence two bullet-proof vests, $6,000.00 in currency, a small amount of marijuana, and digital scales. Prior to the search, the police had conducted three undercover purchases of controlled substances from defendant at the residence.

## Discussion

The law requires that defendant be detained pending trial based on the following principal findings and reasons: evidence showing that the government has a strong case, including the evidence reviewed above; the gun-related nature of the offense charged; the circumstances of the offense charged, including the apparent association of the shotgun with drug trafficking activity by defendant; defendant's criminal record, including seven felony convictions (one a conviction for possession of a firearm by a felon in 2003), commission of all but one of the felonies while on probation, commission of felonious sale of cocaine in March 2005 within a month after release from an eight-month prison term for two drug felonies, seven misdemeanor convictions, revocation of probation in multiple cases, and one failure to appear; the danger of continued gun- and drug-related offense conduct by defendant if released; defendant's marijuana habit; the extended term of imprisonment defendant faces if convicted (contrasting with his prior experience); the unsuitability of the proposed third-party custodial arrangement due to the proposed custodian's absence from the home for work and the extent of the risk of flight and danger presented by defendant; and the other findings and reasons stated in open court.

The court considered evidence offered as mitigating, such as his ties to the community. It finds, however, that the factors favoring detention outweigh such evidence. The court notes in particular that incarceration has not deterred defendant from either possession of firearms or drug dealing. There is little basis to believe that the threat of incarceration for violation of the conditions of release would deter him from violating them.

## Conclusion

IT IS THEREFORE ORDERED that defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. Defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the government, the person in charge of the corrections facility shall deliver defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

This, the 14th day of November 2012.

James E. Gates
United States Magistrate Judge